UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. MARTIN,

    Plaintiff,                                     CIVIL ACTION NO. 08-12324

v.                                             DISTRICT JUDGE SEAN F. COX
                                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and the instant Complaint DISMISSED, as substantial evidence existed on the record that Plaintiff regained the residual functional capacity to perform a restricted range of light work after April 11, 2007.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on May 16, 2005, alleging that he had become disabled and unable to work on February 25, 2005, at age 45, due to coronary artery disease, peripheral vascular disease, obstructive pulmonary disease and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on May 1, 2007, before Administrative Law Judge Regina Sobrino, who subsequently found that the Plaintiff was not entitled to DIB benefits because he retained the residual functional capacity for light

work prior to June 30, 2005, when his insured status expired[1]. The ALJ, however, granted Plaintiff a closed period of SSI benefits beginning on March 1, 2006, and ending on April 10, 2007, when the claimant was found to have regained the residual functional capacity to perform a restricted range of light work.

When the Appeals Council declined to review the Law Judge's decision, Plaintiff commenced the instant action for judicial review of the denial of benefits. Defendant (only) has filed a Motion for Summary Judgment, and the issue for review is whether Defendant's denial of DIB benefits, and SSI benefits after April 10, 2007, was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing, had an eleventh grade education, and had been employed during the relevant past as an installer of residential and commercial fences (TR 347-348). He had also been employed as radiator mechanic for a truck repair company (TR 56). As a truck repairman, the claimant spent about half of the workday on his feet, frequently had to bend down and reach over his head, and had to lift upwards of 50 pounds on a regular basis (TR 57). Claimant testified that he was forced to stop working in February 2005, after suffering a heart attack (TR

---

[1]A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on June 30, 2005, and thus he cannot be found disabled unless he can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled between February 25, 2005, the alleged onset date of disability, and June 30, 2005, when his insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

348). Despite heart surgery to remove a blocked coronary artery (TR 349), claimant maintained that he was disabled as a result of chronic fatigue and shortness of breath (TR 349-350, 360-361).  Plaintiff estimated that he could stand for perhaps 60 minutes, sit for 45 minutes, walk just a block or two, and lift upwards of 15 pounds (TR 350). Other impairments which allegedly prevented claimant from returning to work included periodic chest pains, hand numbness and back/hip discomfort (TR 351-352, 359).  Plaintiff lived by himself, but relied on friends to help him cook, clean, do the laundry and shop for groceries (TR 352).  Claimant added that he was often depressed, given his poor health (TR 359).

     A Vocational Expert, Michele Robb, classified Plaintiff's past truck repair work as heavy, semi-skilled activity, which did not impart any transferable skills (TR 363, 365). The witness testified that there would be no jobs that claimant could do if his testimony were fully accepted[2] (TR 366), but that if he were capable of light work, there were numerous clerical office jobs that he could perform with minimal vocational adjustment (TR 365). These jobs provided a sit-stand option, did not require overhead reaching, exposure to temperature extremes or humidity, and did not involve ladder, rope or scaffold climbing. These simple, routine jobs also did not require using foot or leg controls, and involved only superficial contact with co-workers, supervisors and the general public (TR 364-365).

<u>LAW JUDGE'S DIB DETERMINATION</u>

     The Law Judge found that Plaintiff was impaired as a result of coronary artery, peripheral vascular and chronic obstructive pulmonary diseases as well as mental depression and polysubstance abuse, but that he did not have any impairment or

---

[2]The witness testified that missing more than one day per month on sick leave would preclude all work activity (TR 366).

combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the combination of claimant's impairments required him to work at jobs that allowed a sit-stand option. The Law Judge also restricted Plaintiff from jobs involving frequent use foot controls, handling vibrating tools, or working near dangerous machinery. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert, prior to June 30, 2005, when his insured status expired.

LAW JUDGE'S SSI DETERMINATION

The Administrative Law Judge determined that the Plaintiff was disabled as a result of his cardiac condition from March 1, 2006, until April 10, 2007, by which date he had recovered from surgery to remove a clogged artery. Given claimant's medical improvement following successful left iliac artery surgery, the Law Judge determined that his disability ceased as of April 10, 2007, when he regained the residual functional capacity to perform a restricted range of unskilled, light jobs which did not require overhead reaching, operating foot and leg controls, or exposure to temperature extremes or polluted air environments.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court

does not try the case de novo, or resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993).

DISCUSSION AND ANALYSIS OF DENIAL OF DIB

Substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert, prior to June 30, 2005, when his insured status expired.  Diagnostic tests in May 2005 were negative for myocardial ischemia, and a stress test did not reveal any arrhythmias (TR 88). Cardiac examinations from February 2005 though October 2005, revealed a regular rate and rhythm and normal heart sounds (TR 90, 92, 104-105, 114, 164, 168, 170).  Dr. Abdullah Raffee, a consulting physician, evaluated claimant on July 12, 2005, at the request of the Commissioner.  The doctor did not hear any unusual heart sounds (TR 144). An examination of claimant's head, neck, chest and abdomen was unremarkable, and no neurological deficits were observed. Dr. Raffee attributed Plaintiff's breathing difficulties to his cigarette smoking rather than coronary deficiency (Tr 144).  The ALJ considered the pertinent objective medical evidence

during the relevant period, and she reasonably determined that Plaintiff remained capable of performing light and sedentary work providing a sit-stand option prior to June 2005, when his insured status had expired.

## DISCUSSION AND ANALYSIS OF DENIAL OF SSI AFTER APRIL 2007

Substantial evidence existed on the record supporting the ALJ's determination that Plaintiff regained the residual functional capacity for a reduced range of light work activity identified by the Vocational Expert after April 2007. Although Plaintiff was found to be disabled from March 1, 2006, until April 10, 2007, the Social Security Disability Benefits Reform Act of 1984 eliminated any presumption of continuing disability. Cutlip v. Secretary, 25 F.3d 284, 286 n.1 (6th Cir. 1994). Thus, the Commissioner does not have the burden of proving that Plaintiff had experienced medical improvement by April 11, 2007, related to his ability to work.

Nevertheless, the medical evidence demonstrated that claimant's physical condition did, in fact, improve after he underwent heart surgery to open up a clogged artery in March 2007. Dr. John McIlduff, a treating physician, reported on April 11, 2007, that Plaintiff was status post a recent aortogram with left iliac artery balloon angioplasty and stenting for significant left leg claudication symptoms. The treating doctor stated that diagnostic testing showed widely patent carotid arteries with no stenosis (TR 323-324). Plaintiff admitted that his left leg felt much better. Despite Plaintiff's complaints of right thigh fatigue after walking about three blocks, Dr. McIlduff stated that an angiogram did not show any signs of cardiac distress or disease. The doctor recommended a walking program (45 minutes to one hour a day), cessation of tobacco use, and weight loss (TR 323).

A cardiologist, Dr. E.J. Raj evaluated claimant on April 12, 2007, and found no evidence of angina. An EKG showed normal sinus rhythm, and a cardiac examination showed Plaintiff had normal heart rate, a regular rhythm, and normal S1 and S2 sounds (TR 341-342). A stress test conducted on April 26, 2007, was essentially normal without any signs of myocardial ischemia or arrhythmias (TR 338).

The ALJ also took into consideration the fact that Plaintiff remained capable of cooking, shopping, taking out the trash, using public transportation and caring for his daughter as further evidence that his cardiac condition was not totally disabling (TR 352-354, 357-358). The claimant acknowledged that he can still lift upwards of 15 pounds, walk about two blocks and stand for an hour at a time (TR 350). The Law Judge could reasonably find that, despite complaints of shortness of breath and fatigue, Plaintiff's medical condition after April 2007, did not prevent him from performing a reduced range of light work. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his cardiac problems after April 11, 2007 were not fully credible.

In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous light clerical office jobs that Plaintiff could perform with minimal vocational adjustment (TR 365). These jobs provided a sit-stand option, did not require overhead reaching, exposure to temperature extremes or humidity, and did not involve ladder, rope or scaffold climbing. These simple, routine jobs also did

not require using foot or leg controls, and involved only superficial contact with co-workers, supervisors and the general public (TR 364-365).

In sum, the Commissioner's decision to deny benefits after April 11, 2007 was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

DATED: January 23, 2009              s/Donald A. Scheer
                                     DONALD A. SCHEER
                                     UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify on January 23, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 23, 2009: **Mark Martin.**

                                      <u>s/Michael E. Lang</u>
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217